NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
TONNESHA KIDD,                      :
                                    :
            Plaintiff,              :   Civil Action No. 08-504 (JAP)
                                    :
      v.                            :
                                    :
SUPERIOR NURSING CARE, INC.,        :   **OPINION**
                                    :
            Defendant.              :
_____:

PISANO, District Judge.

Presently before the Court is a motion to dismiss brought by Defendant Superior Nursing Care, Inc. ("Defendant"), pursuant to Federal Rules of Civil Procedure 12(b)(6), (b)(2), (b)(3), and (b)(5). Plaintiff Tonnesha Kidd ("Plaintiff"), appearing *pro se*, opposes the motion. For the reasons set forth below, the Court grants the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.     BACKGROUND

On January 29, 2008, Plaintiff initiated this action against Defendant asserting a defamation claim. Plaintiff alleges, in her Complaint, that Defendant, on January 29, 2007, filed an Answer to the Pennsylvania Human Relations Commission ("PHRC") that contained a false statement as to Plaintiff's work performance. Plaintiff asserts that Defendant knew the statement was false but, nonetheless, knowingly wrote it. Plaintiff claims that she was damaged by this defamation and seeks compensatory and punitive damages.

On June 12, 2008, Defendant filed the present motion to dismiss. Defendant argues, in part, that Plaintiff has not set forth a claim upon which relief may be granted. Defendant submits that because Plaintiff's Complaint is based entirely on a statement in an Answer to the PHRC, the defamation claim must fail. According to Defendant, the statement is protected by the doctrine of judicial immunity which precludes liability for statements made in a judicial, administrative, or legislative proceeding.[1] Plaintiff opposes the motion, arguing that Defendant is estopped from claiming judicial immunity because the alleged defamatory statement was not relevant to the proceeding before the PHRC.

## II.    DISCUSSION

### A.    Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Refashioning the appropriate standard, the Supreme Court of the United States found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported

---

[1] Defendant also moves to dismiss for lack of personal jurisdiction, for improper venue, and for lack of proper service. Because the Court finds that dismissal is warranted for failure to state a claim upon which relief may be granted, the Court does not address Defendant's alternative theories of dismissal.

conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)).

Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citations and footnote omitted). Moreover, the Court must apply "less stringent standards" to a *pro se* Complaint, such as the one presented here, "than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (internal quotations and citation omitted).

**B.     Analysis**

Plaintiff's only asserted claim against Defendant is one of defamation. To state a claim of defamation, a plaintiff must establish: "(1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which is false; (4) which was communicated to persons other than the plaintiff; and (5) fault." *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998) (citing New Jersey common law).[2]

However, even if a plaintiff shows the existence of a defamatory statement, "a statement

---

[2] For purposes of this motion, the Court reviews Plaintiff's defamation claim under New Jersey law. Indeed, a court sitting in diversity must apply the substantive law of the forum. *Robeson Indus. Corp. v. Hartford Accident & Indem. Co.*, 178 F.3d 160, 165 (3d Cir. 1999). The Court recognizes, however, that, upon a conflict-of-law analysis, Pennsylvania may be found to have the greater interest in this action. Nevertheless, New Jersey and Pennsylvania law are substantially equivalent on the issues of defamation and judicial immunity. *See Tucker v. Fischbein*, 237 F.3d 275, 281 (3d Cir. 2001) (listing elements required for defamation claim under Pennsylvania law and citing 42 Pa. Cons. Stat. Ann. § 8343); *Overall v. Univ. of Pa.*, 412 F.3d 492, 496 (3d Cir. 2005) (applying Pennsylvania law and recognizing immunity for statements made in quasi-judicial proceedings).

will not be actionable if it is subject to an absolute or qualified privilege." *Erickson v. Marsh & McLennan Co.*, 117 N.J. 539, 563 (1990). "A statement made in the course of judicial, administrative, or legislative proceedings is absolutely privileged and wholly immune from liability." *Ibid.* This privilege extends to statements made as part of a quasi-judicial proceeding. *Rainier's Dairies v. Raritan Valley Farms*, 19 N.J. 552, 562-63 (1955). Thus, if Defendant's allegedly defamatory statement was made in the course of a quasi-judicial proceeding, then Plaintiff's claim must fail.

The Court finds that Defendant's statement is immunized by the doctrine of judicial immunity and, thus, Plaintiff may not assert a defamation claim for any of Defendant's statements made as part of the PHRC proceeding. First, the statement that is the subject of Plaintiff's complaint was made as part of the PHRC proceeding. Plaintiff's Complaint asserts that Defendant made the statement in an "Answer" filed with the PHRC. Second, the Court finds that the statement regarding Plaintiff's work performance and the availability of work to Plaintiff was relevant to the PHRC proceeding. Plaintiff's complaint before the PHRC involved, in part, claims that Defendant assigned Plaintiff to lesser-preferred assignments based on her race. Defendant's allegedly defamatory statement that Plaintiff's work assignments were based on her performance clearly related to Plaintiff's complaint and the issues presented to the PHRC.

Finally, the PHRC proceeding is quasi-judicial. Pursuant to the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 *et seq*, the PHRC is empowered to conduct hearings and investigate complaints of discrimination, and to issue findings of fact, conclusions of law, final decisions and orders. 43 Pa. Cons. Stat. Ann. § 957. As a result, the PHRC applies law to facts, conducts hearings, and includes government involvement. *See Overall v. Univ. of Pa.*, 412

F.3d 492, 497 (3d Cir. 2005) (finding that, in order for proceeding to be quasi-judicial, Pennsylvania law requires government involvement in form of grievance proceeding before governmental entity or private entity ostensibly operating pursuant to state or federal statute).  In performing these functions, the PHRC acts in a quasi-judicial capacity.  *See Allegheny County v. Wilcox*, 465 A.2d 47, 52  (Pa. Commw. Ct. 1983) (noting PHRC "acting in its quasi-judicial capacity").  *See also Georgia-Pacific Corp. v. Reading Comm'n on Human Relations*, 585 A.2d 1166, 1169 (Pa. Commw. Ct. 1991) (identifying local division of PHRC as "a quasi-judicial body"); *Princeton First Aid & Rescue Squad, Inc. v. Div. on Civil Rights in Dep't of Law and Public Safety*, 124 N.J. Super. 150, 152 (App. Div. 1973) (noting New Jersey's Division on Civil Rights performs quasi-judicial duties).

As a result, Defendant cannot be held liable for the statements it made in connection with the proceeding before the PHRC.  The Court, thus, concludes that Plaintiff's Complaint cannot state a claim upon which relief may be granted.

### III.    CONCLUSION

For the reasons expressed above, the Court grants Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because the Court grants the motion to dismiss for failure to state a claim upon which relief may be granted, the Court refrains from addressing the arguments asserted to support a dismissal under Federal Rules of Civil Procedure 12(b)(2), (b)(3), or (b)(5).  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  July 28, 2008